IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
11/30/2015

IN RE                             )
                                  )
KAREN T. PENNINGTON,              )   CASE NO. 11-80101-G3-13
                                  )
        Debtor,                   )
                                  )

## MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion to Use Cash Collateral" (Docket No. 137) filed by the Debtor, on the joint stipulation of facts (Docket No. 141) filed by Debtor and Toyota Motor Credit Corp. ("Toyota"). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Karen T. Pennington ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on February 25, 2011. William E. Heitkamp ("Trustee") is the Chapter 13 Trustee.

Debtor purchased a 2009 Toyota Camry on September 5, 2008, and gave Toyota a security interest in the vehicle. (Docket No. 141). The contract is not in evidence. However, the

parties have stipulated that paragraph 2(c) provides:

> SECURITY INTEREST. To secure all that you owe on this contract and all your promises in it, you give us a security interest in:
>
> * * *
>
> 2. All insurance proceeds and other proceeds received for the vehicle.
> 3. Any insurance policy, service contract or other contract financed by us and any proceeds of those contracts; and
> 4. Any refunds of charges included in this contract for insurance, or service contracts.
>
> * * *

(Docket No. 141).  The parties also stipulate that paragraph 2(f) of the contract provides:

> PHYSICAL DAMAGE INSURANCE PROCEEDS. You must use physical damage insurance proceeds to repair the vehicle, unless we agree otherwise in writing. However, if the vehicle is a total loss, you must use the insurance proceeds to pay what you owe us.  You agree that we can use any proceeds from insurance to repair the vehicle or we may reduce what you owe under this contract.  If we apply insurance proceeds to the amount you owe, they will be applied to your payments in the reverse order of when they are due.  If your insurance on the vehicle or credit insurance doesn't pay all you owe, you must pay what is still owed.  Once all amounts owed under this contract are paid, any remaining proceeds will be paid to you.

(Docket No. 141)

Debtor filed a Chapter 13 plan on March 12, 2011. (Docket No. 20).  The plan was amended five times prior to confirmation, on April 11, 2011 (Docket No. 32); May 11, 2011 (Docket No. 37); June 18, 2011 (Docket No. 48); July 18, 2011 (Docket No. 56); and July 28, 2011 (Docket No. 62).

Toyota did not file an objection to confirmation. (Docket No. 141).

Debtor's fifth amended plan (Docket No. 62) was confirmed, by order entered on September 12, 2011 (Docket No. 71).  The plan was modified after confirmation, on June 21, 2013. (Docket No. 119).  The modification was approved by order entered on July 18, 2013 (Docket No. 124).

The confirmed plan provides in pertinent part, with respect to the claim of Toyota, secured by a 2009 Toyota Camry:

> **5. Debt Incurred within 910 Days Preceding Petition Date and Secured by a Lien on a Motor Vehicle or Debt Incurred within 1 Year Preceding Petition Date and Secured by Other Collateral for Which FULL PAYMENT, with Interest, is Provided.**
>
> The following table sets forth each class of secured creditors holding a claim for a debt incurred within 910 days preceding the petition date and secured by a lien on a motor vehicle or for a debt incurred within 1 year preceding the petition date and secured by other collateral for which full payment is proposed. The amount listed as "Principal Amount of Claim" is an estimate of the actual allowed claim.
>
> If the Court allows an actual allowed claim that is a different amount than is shown below under "Principal Amount of Claim", the Plan shall be deemed amended to pay the principal amount as allowed without the requirement of the filing of an amended plan. The amount listed as "Estimated Periodic Payment" will be adjusted to reflect the actual amount of the allowed claim.
>
> Payment of the amounts required in this section constitutes a cure of all defaults (existing as of the date this plan is confirmed) of the debtor(s)' obligations to the holder of the secured claim.  If the monthly payment in the proposed plan is less than the amount of the adequate protection payment ordered in

this case, the actual payment will be the amount of the monthly adequate protection payment.

The automatic stay is modified to allow holders of secured claims to send only monthly statements (but not demand letters) to the Debtor(s).

Each secured claimant is hereby designated to be in a class by itself. Subject to disposition of a timely filed motion to avoid a lien under § 522, or a complaint to determine the validity of a lien filed under Fed. R. Bankr. P. 7001, each secured creditor shall retain the lien securing its claim. The lien shall be enforceable to secure payment of the claim the lien secures, as that claim may be modified by the plan. The holder of a claim secured by a valid lien may enforce its lien only pursuant to § 362.

| Name of Holder of Secured Claim / Security for Claim | Principal Amount of Claim | Interest Rate Under Plan | Amount of Estimated Periodic Payment | First Payment of this Amount in Month # | Last Payment of this Amount in Month # |
|---|---|---|---|---|---|
| **Toyota Motor Credit 2009 Toyota Camry LE 39,000 miles** | $19,529.22 | 5.25% | $187.34 $430.00 | 1 13 | 12 60 |

(Docket No. 62).

The modified plan contains language identical to that quoted above from the original confirmed plan, at Paragraph 5.[1] (Docket No. 119).

Toyota filed a proof of claim, in the amount of $19,529.22. Toyota asserted a secured claim in the amount of $19,529.22. (Docket No. 141).

---

[1] The amount of estimated periodic payment is different in the plan as modified. That change is not material to the court's consideration of the instant motion.

Debtor's plan provided for payment of Toyota's claim in the amount of $19,529.22, with 5.25 percent interest. (Docket No. 141).

Debtor has paid the secured claim of Toyota in the amount of $19,529.22, with 5.25 percent interest, with the Trustee as the disbursing agent. (Docket No. 141).

The parties have stipulated that the Chapter 13 trustee's payment records reflect a balance owing from Debtor to Trustee under the Chapter 13 plan of $2,296.18. (Docket No. 141).

The vehicle was damaged on or about July 30, 2015, and was declared a total loss. The parties have stipulated that the insurance company is ready to pay $8,632.48 to cover the loss of the vehicle. (Docket No. 141).

The parties have stipulated that, under the original contract, Toyota is owed $5,890.98. The parties have stipulated that Toyota is a loss payee under the insurance policy. (Docket No. 141).

In the instant motion, Debtor seeks to use the insurance proceeds to replace the vehicle. (Docket No. 137). Toyota opposes the instant motion, asserting that it is entitled to be paid $5,890.98 from the insurance proceeds. (Docket No. 138).

Debtor has made no offer of adequate protection as to Toyota's asserted interest in the insurance proceeds. Debtor contends that Toyota's secured claim has been paid in full, and thus implies that Toyota is not entitled to adequate protection.

### Conclusions of Law

Section 1327 of the Bankruptcy Code provides:

> (a)  The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.
>
> (b)  Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.
>
> (c)  Except as otherwise provided in the plan or the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

11 U.S.C. § 1327.

A creditor who does not participate in the confirmation process may ignore the bankruptcy proceeding and look to the lien for satisfaction of its debt.  Matter of Howard, 972 F.2d 639 (5th Cir. 1992).

The Fifth Circuit has not addressed directly what constitutes participation in the confirmation process in the context of a Chapter 13 case, but has done so in Chapter 11 cases.  Mere passive receipt of notice in a Chapter 11 case is not sufficient participation in the reorganization to allow the

lienholder to ignore the bankruptcy proceeding and look to its lien.  In re S. White Transp., Inc., 725 F.3d 494 (5th Cir. 2013).  However, filing of a proof of claim does constitute sufficient participation in the reorganization to bind the creditor.  In re Ahern Enterprises, Inc., 507 F.3d 817 (5th Cir. 2007).

In the instant case, Toyota filed a proof of claim.  In the absence of a claim objection, its claim was deemed allowed. 11 U.S.C. § 502(a).  Toyota received distribution on its claim through the plan in the allowed amount of its claim.  In contrast to Howard, the plan in the instant case did not seek to reduce Toyota's claim, but rather paid Toyota under the plan everything it was due pursuant to its proof of claim. The court concludes that Toyota participated in the reorganization, and is bound by its proof of claim and the confirmed plan.  The court concludes that Toyota has no interest in the insurance proceeds, and thus Debtor need not provide adequate protection.

Based on the foregoing, a separate Judgment will be entered granting the "Motion to Use Cash Collateral" (Docket No. 137) filed by the Debtor.

Signed at Houston, Texas on November 30, 2015.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE